UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

      Plaintiff,

v.                                  Criminal Case No. 96-80997
                                    Honorable Patrick J. Duggan

KEVIN ANTONIO GOODE,

      Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 19, 2009.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On April 21, 1997, a jury convicted Defendant of conspiracy to distribute cocaine (count one), possession of intent to distribute crack cocaine (count five), felon in possession of a firearm (count six), and possession of a firearm with an obliterated serial number (count seven). In light of Defendant's two prior felony drug convictions and the Court's finding that he was responsible for 50 grams or more of crack cocaine, this Court sentenced Defendant on October 15, 1997, to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) on count one. On the same date, the Court sentenced Defendant to 210

months on count five, 120 months on count six, and 60 months on count seven.[1]  On July 14, 1999, the United States Court of Appeals for the Sixth Circuit affirmed Defendant's convictions and sentences.  On October 4, 1999, the United States Supreme Court denied Defendant's petition for a writ of certiorari.

On June 9, 2000, Defendant filed a motion for a new trial in this Court pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  This Court denied the motion on July 11, 2000.  On October 17, 2000, Defendant filed a motion under 28 U.S.C. § 2255.  In this motion, Defendant challenged his conviction on the following grounds: (1) that trial counsel was ineffective for failing to move for a judgment of acquittal at the end of the Government's case with respect to the conspiracy and possession charges; (2) that trial counsel was ineffective for allowing the Government to constructively amend the conspiracy charge; (3) that his sentence under 28 U.S.C. § 841(b)(1)(A) was improper because the drug quantity was not submitted to the jury; (4) that the indictment was defective because it failed to charge a penalty; and (5) that appellate counsel was ineffective for failing to raise issues on appeal.  On January 23, 2001, this Court denied Defendant's motion.  Defendant then filed a motion for reconsideration, which this Court denied on March 7, 2001.  The Sixth Circuit affirmed this Court's decisions on May 10, 2002.  *Goode v. United States*, 305 F.3d 378 (6th Cir.), *cert. denied*, 123 S. Ct. 711 (2001).

---

[1]The sentences imposed pursuant to counts five, six, and seven were to run concurrent to the life imprisonment sentence imposed on count one.

Defendant thereafter filed numerous motions pursuant to various Federal Rules of Civil Procedure in which he challenged his sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Defendant argued that the sentence was unconstitutional because it was based on facts (i.e. that 50 grams or more of crack cocaine were involved in the offense) not found by the jury beyond a reasonable doubt. This Court denied Defendant's motions because he was seeking to "recall" a criminal judgment through civil rules of procedure.[2]

Defendant now has filed a *pro se* motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582. In this motion, filed February 28, 2008, Defendant argues that he is entitled to a reduction in his sentence due to a recent amendment to United States Sentencing Guidelines § 2D1.1 with respect to crack cocaine offenses.[3] Defendant also reasserts the challenges to his sentences that he raised in his direct appeal, § 2255 motion, and motions filed under the Federal Rules of Civil Procedure. The Government filed a response to Defendant's pending motion on February 13, 2009.

As indicated earlier, Defendant was subject to enhanced penalties upon conviction

---

[2] In denying the third of Defendant's motions premised on the Federal Rules of Civil Procedure, the Court warned Defendant that it would impose sanctions if he filed any future successive and frivolous motions. (Doc. 285 at 4-5.)

[3] On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which effectively provides a two-level reduction in base offense levels for crack cocaine offenses under U.S.S.G. § 2D1.1. U.S. Sentencing Guidelines Manual app. C, Amend. 706 (2007). The Commission made the amendment retroactively applicable. *Id.* § 1B1.10(c).

of count one resulting in a mandatory term of life imprisonment because of his prior drug convictions.  As that sentence was mandated by statute, it is unaffected by the amendment to the crack cocaine guidelines.  Defendant's sentence on count five through seven were determined under the sentencing guidelines.  As the Government indicates, however, Defendant's sentences would remain the same despite the amendment to § 2D1.1 because the offense levels would be controlled by the career offender guidelines, U.S.S.G. § 4B1.1.

Defendant's remaining challenges to his sentence already have been addressed multiple times by this Court and the Sixth Circuit Court of Appeals.  Therefore, the Court finds it unnecessary to address them again here.  For the reasons previously discussed in this Court's and the appellate court's decisions, those challenges lack merit.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Kevin Antonio Goode, #19867-039
FCI Butner Medium II
Federal Correctional Institution
P.O. Box 1500
Butner, NC 27509

AUSA Daniel R. Hurley