UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

       Plaintiff,

v.                                                      Criminal Case No. 96-80997
                                                     Honorable Patrick J. Duggan

KEVIN ANTONIO GOODE,

       Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION WITH RESPECT TO THE COURT'S OCTOBER 4, 2010 OPINION AND ORDER

This matter is before the Court on the Government's motion for reconsideration of this Court's October 4, 2010 opinion and order denying Defendant's motion to amend judgment or, in the alternative to correct an error in the records. In the Court's October 4 decision, relying on the original version of the Presentence Investigation Report ("PSR"), the Court found no reason to modify the PSR to reflect the Court's finding at Defendant's sentencing that Defendant was responsible for between 50 and 150 grams of cocaine. In its motion for reconsideration, the Government indicates that the Court relied on the original PSR and that there in fact was a *revised* PSR that reflects Defendant's responsibility for 500 to 1500 grams of cocaine. The Government therefore asks the Court to grant in part Defendant's motion and advise the Bureau of Prisons ("BOP") of its ruling on the quantity of cocaine for which

1

Defendant was held responsible (as found at sentencing) or order that the PSR be amended and the amended version be sent to the BOP.

For the reasons set forth in the Government's motion, the Court finds that it committed a palpable defect in deciding Defendant's motion due to its reliance on an original PSR when an amended version had been filed. At Defendant's sentencing, this Court expressly rejected the findings of the Probation Department reflected in the amended version of the PSR (which held Defendant responsible for 500 to 1500 grams of cocaine base) and specifically found Defendant responsible for 50 to 150 grams of cocaine base. To the extent the Bureau of Prisons is relying on the statement of reasons attached to the Judgment imposed on October 15, 1997, such statement of reasons is amended to read:

> The Court adopts the factual findings and guideline applications in the Presentence Report (Revised 9/30/97) except that the Court rejects the findings at Paragraph 34, which found a base offense level of between 500 and 1500 grams of cocaine base resulting in an offense level of 36. The Court specifically finds that the Defendant is responsible for in excess of 50 grams of cocaine base and that the base offense level for the distribution of between 50 and 150 grams of cocaine base is 32.

Accordingly,

**IT IS ORDERED**, that the Government's motion for reconsideration of this Court's October 4, 2010 opinion and order is **GRANTED**;

**IT IS FURTHER ORDERED**, that a copy of this Opinion and Order shall be furnished to the Bureau of Prisons and the Bureau of Prisons is advised that, at Defendant's

sentencing on October 15, 1997, this Court held Defendant responsible for 50 to 150 grams of cocaine base, only.

DATE: November 1, 2010                s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:

Kevin Antonio Goode, #19867-039
FCI Greenville
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246

AUSA Robert W. Haviland

Bureau of Prisons