UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

       Plaintiff,

v.                                                    Criminal Case No. 96-80997
                                                    Honorable Patrick J. Duggan

KEVIN ANTONIO GOODE,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION WITH RESPECT TO THE COURT'S NOVEMBER 1, 2010 OPINION AND ORDER**

This matter is before the Court on Defendant's motion for reconsideration of this Court's November 1, 2010 opinion and order granting the Government's motion for reconsideration of the Court's October 4, 2010 opinion and order denying Defendant's motion to amend judgment or, in the alternative to correct an error in the records. In the pending motion, Defendant argues that the relief crafted by the Court in its November 1, 2010 decision results in a significant procedural error pursuant to Rule 32 of the Federal Rules of Criminal Procedure. The Government filed a response to Defendant's motion for reconsideration on December 9, 2010.

The essence of Defendant's motion for reconsideration is that he contends that neither he nor his attorney had an opportunity to review the presentence report, which the Court was using and referring to during the sentencing hearing. An original presentence report was submitted on June 10, 1997. An amended or revised presentence report was

submitted on September 30, 1997.  It was this latter presentence report that the Court was using and referring to at the sentencing on October 15, 1997.

Defendant erroneously states that neither he nor his attorney had an opportunity to review the September 30, 1997 revised presentence report, and thus the Court violated Rule 32 of the Federal Rules of Criminal Procedure when it relied on that report during Defendant's sentencing on October 15, 1997.  To demonstrate his claim, Defendant cites portions of the sentencing hearing transcript in his motion for reconsideration.  Defendant, however, omits the portion of the transcript that clearly shows that the Court and Defendant's attorney, Mr. O'Meara, were discussing the revised or amended presentence report of September 30, 1997.  As the Government points out in its response, Mr. O'Meara stated during the sentencing hearing:

> [T]he critical issue here, once – if it's going to be accepted that this base cocaine which he is being held accountable for is going to be whether or not it's more than 50 grams of base cocaine.  And **the amended presentence investigation report** which raised the level from 150 - 50 to 150, and then there was a first one and second one, **which was more recently received**, made it 50, 500 to 1500 is more or less quibbling over what's not essential.  Because what's critical is whether or not it's over 50.

(10/15/97 Tr. at 14-15 (emphasis added).)

For the reasons set forth above, and for the reasons set forth in the Government's response filed December 9, 2010, the Court finds that there has been no violation of Rule 32.

Accordingly,

2

**IT IS ORDERED** that Defendant's motion for reconsideration of this Court's November 1, 2010 decision is **DENIED**.

DATE: December 20, 2010

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Kevin Antonio Goode, #19867-039
FCI Greenville
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246

AUSA Robert W. Haviland