UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 96-80997
        Honorable Patrick J. Duggan

KEVIN ANTONIO GOODE,

        Defendant.
_____/

## OPINION AND ORDER

On October 6, 2011, Defendant Kevin Antonio Goode ("Defendant") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. On October 19, 2011, the government responded with a request to transfer Defendant's motion to the Sixth Circuit as a successive petition brought by Defendant under 28 U.S.C. § 2255. For the reasons set forth below, the Court grants the government's request.

### Background

On April 21, 1997, a jury convicted Defendant of conspiracy to distribute cocaine (count one), possession with intent to distribute crack cocaine (count five), felon in possession of a firearm (count six), and possession of a firearm with an obliterated serial number (count seven). In light of Defendant's two prior felony drug convictions and the Court's finding that he was responsible for 50 grams or more of crack cocaine, this Court sentenced Defendant on October 15, 1997, to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) on count one. On the same date, the Court sentenced Defendant to 210

months on count five, 120 months on count six, and 60 months on count seven.[1] On July 14, 1999, the United States Court of Appeals for the Sixth Circuit affirmed Defendant's conviction and sentence. On October 4, 1999, the United States Supreme Court denied Defendant's petition for a writ of certiorari.

On June 9, 2000, Defendant filed a motion for a new trial in this Court pursuant to Rule 33 of the Federal Rules of Criminal Procedure. This Court denied the motion on July 11, 2000. On October 17, 2000, Defendant filed a motion under 28 U.S.C. § 2255. In this motion, Defendant challenged his conviction on the following grounds: (1) that trial counsel was ineffective for failing to move for a judgment of acquittal at the end of the Government's case with respect to the conspiracy and possession charges; (2) that trial counsel was ineffective for allowing the Government to constructively amend the conspiracy charge; (3) that his sentence under 28 U.S.C. § 841(b)(1)(A) was improper because the drug quantity was not submitted to the jury; (4) that the indictment was defective because it failed to charge a penalty; and (5) that appellate counsel was ineffective for failing to raise issues on appeal. On January 23, 2001, this Court denied Defendant's motion. Defendant then filed a motion for reconsideration, which this Court denied on March 7, 2001. The Sixth Circuit affirmed this Court's decisions on May 10, 2002. *Goode v. United States*, 305 F.3d 378 (6th Cir.), *cert. denied*, 123 S. Ct. 711 (2001).

---

[1]The sentences imposed pursuant to counts five, six, and seven were to run concurrent to the life imprisonment sentence imposed on count one.

Defendant thereafter filed numerous motions pursuant to various Federal Rules of Civil Procedure in which he challenged his sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Defendant argued that the sentence was unconstitutional because it was based on facts (i.e. that 50 grams or more of crack cocaine were involved in the offense) not found by the jury beyond a reasonable doubt. This Court denied Defendant's motions because he was seeking to "recall" a criminal judgment through civil rules of procedure.[2]

On February 28, 2008, Defendant filed a *pro se* motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582. On March 17, 2008, he filed a second motion for a reduction of his sentence. Both motions were based on the then-recent amendment to United States Sentencing Guidelines § 2D1.1 with respect to crack cocaine offenses ("crack cocaine amendments").[3] Defendant also reasserted the challenges to his sentence that he raised in his direct appeal, § 2255 motion, and motions filed under the Federal Rules of Civil Procedure. The Government filed a response to Defendant's motions on February 13, 2009. In an opinion and order entered March 19, 2009, the Court denied Defendant's motion because the crack cocaine amendments had no effect on his sentence

---

[2] In denying the third of Defendant's motions premised on the Federal Rules of Civil Procedure, the Court warned Defendant that it would impose sanctions if he filed any future successive and frivolous motions. (Doc. 285 at 4-5.)

[3] On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which effectively provides a two-level reduction in base offense levels for crack cocaine offenses under U.S.S.G. § 2D1.1. U.S. Sentencing Guidelines Manual app. C, Amend. 706 (2007). The Commission subsequently made the amendment retroactively applicable. *Id.* § 1B1.10(c).

as a career offender and for the reasons it previously rejected Defendant's other challenges to his sentence.

Defendant again challenges his life sentence in his pending and second § 2255 motion. He now argues that the sentence is unconstitutional in light of the Supreme Court's recent decision in *Depierre v. United States*, – U.S. – , 131 S. Ct. 2225 (2011).

## Analysis

Among other things, 28 U.S.C. § 2255 allows a federal prisoner to seek amendment of his sentence where the sentence imposed violates the Constitution or the laws of the United States or exceeds the maximum sentence authorized by law. Because Defendant previously filed a motion under § 2255 that was fully adjudicated on the merits, this is Defendant's second § 2255 motion.

A defendant seeking to file a second or successive motion under the statute first must ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2255(h). When a defendant files a second or successive motion in the district court without authorization from the court of appeals, the district court must transfer the motion to the court of appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Defendant has neither sought nor obtained permission from the Sixth Circuit Court of Appeals to file his § 2255 motion challenging his sentence. His failure to comply with the gatekeeping requirements of the statute deprives this Court of jurisdiction to hear his claims. *Burton v. Steward*, 549 U.S. 147, 149, 127 S. Ct. 793, 794 (2007) (*per curiam*).

Accordingly,

**IT IS ORDERED**, that the Clerk of the Court is directed to transfer Defendant's motion to the United States Court of Appeals for the Sixth Circuit.

Date:  October 31, 2011          s/PATRICK J. DUGGAN
                                  UNITED STATES DISTRICT JUDGE

Copies to:
Kevin Antonio Goode, #19867-039
FCI McDowell
Federal Correctional Institution
P.O. Box 1009
Welch, WV   24801

AUSA Robert W. Haviland