UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

      Plaintiff,

v.                                              Criminal Case No. 96-80997
                                               Honorable Patrick J. Duggan

KEVIN ANTONIO GOODE,

      Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) GUIDELINES AMENDMENT NO. 750 AND UNITED STATES V. BLEWETT CASE NO. 12-5226/5582**

On April 21, 1997, a jury convicted Defendant of conspiracy to distribute cocaine (count one), possession with intent to distribute crack cocaine (count five), felon in possession of a firearm (count six), and possession of a firearm with an obliterated serial number (count seven). In light of Defendant's two prior felony drug convictions and the Court's finding that he was responsible for 50 grams or more of crack cocaine, this Court sentenced Defendant on October 15, 1997, to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) on count one. On the same date, the Court sentenced Defendant to 210 months on count five, 120 months on

count six, and 60 months on count seven.[1] On July 14, 1999, the United States Court of Appeals for the Sixth Circuit affirmed Defendant's conviction and sentence. On October 4, 1999, the United States Supreme Court denied Defendant's petition for a writ of certiorari.

Presently before the Court is Defendant's motions for a modification or reduction of his sentence, filed June 10 and 17, 2013.[2] In support of his request for relief, Defendant relies on the Sixth Circuit Court of Appeals' May 17, 2013 decision in *United States v. Blewett*, 719 F.3d 482. In that decision, a panel of the Sixth Circuit held that the Fair Sentencing Act of 2010– which significantly reduced sentences for offenses involving crack cocaine– should be applied retroactively. This Court held Defendant's motion in abeyance pending *en banc* review, which was granted on July 11, 2013.

On December 3, 2013, the *en banc* court issued its decision holding that the Fair Sentencing Act does not retroactively undo final sentences. *United States v. Blewett*, – F.3d – , 2013 WL 6231727 (6th Cir. Dec. 3, 2013). Defendant's sentence became final before the Act took effect. As such, he is not entitled to a

---

[1]The sentences imposed pursuant to counts five, six, and seven were to run concurrent to the life imprisonment sentence imposed on count one.

[2]Two copies of Defendants' motion were received by the Court and the Clerk's Office docketed both as separate motions. (ECF No.s 346, 347.)

reduction of his sentence.

The Court declines to issue a certificate of appealability with respect to this decision, to the extent one is needed for Defendant to file an appeal.

Accordingly,

**IT IS ORDERED**, that Defendant's Motions for Modification or Reduction of Sentence (ECF Nos. 346, 347) are **DENIED**.

Dated: December 17, 2013            s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:
Kevin Antonio Goode, #19867-039
FCI Manchester
Federal Correctional Institution
P.O. Box 4000
Manchester, KY  40962

AUSA Daniel R. Hurley